IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 15, 2005

## JOSEPH BROWN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-24735    W. Fred Axley, Judge**

_____

**No. W2005-00250-CCA-R3-PC  - Filed January 18, 2006**

_____

The petitioner, Joseph Brown, pled guilty in the Shelby County Criminal Court to facilitation of first degree murder and two counts of especially aggravated kidnapping.  The trial court sentenced him to fifteen years for each conviction and ordered that the sentences be served concurrently. Subsequently, the petitioner filed a petition for post-conviction relief, claiming that he did not knowing, intelligently, and voluntarily enter his guilty pleas.  The post-conviction court denied relief. Upon review of the record and the parties' briefs, we must dismiss the petitioner's appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. AND J.C. MCLIN, JJ., joined.

Travis B. Butler (on appeal) and Michael E. New (at trial), Memphis, Tennessee, for the appellant, Joseph Brown.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; William L. Gibbons, District Attorney General; and Reginald Henderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The petitioner's convictions arose from his role in the death of Marshall Shipp and the severe beating of Ricky Aldridge, members of the Gangster Disciples in Memphis.  The record reflects that fifteen other Gangster Disciple members, including the petitioner, were indicted for crimes against the victims.  On February 28, 2000, the petitioner pled guilty to facilitation of first degree murder and two counts of especially aggravated kidnapping and received concurrent, fifteen-year sentences for each conviction.  The trial court ordered the petitioner to serve the facilitation conviction at thirty

percent and ordered him to serve the kidnapping convictions as a violent offender at one hundred percent. On March 1, 2001, the petitioner filed a pro se petition for post-conviction relief, claiming that he received the ineffective assistance of trial counsel. The post-conviction court appointed counsel, and counsel amended the petition, claiming that the petitioner also did not knowingly, intelligently, and voluntarily enter his guilty pleas.

At the evidentiary hearing, the petitioner testified that his trial attorney told him that he would serve all of his sentences at thirty percent and that if he had known he would have to serve his aggravated kidnapping sentences at one hundred percent, he would not have pled guilty and would have gone to trial. He acknowledged that during his guilty plea hearing, the State recommended that he serve his especially aggravated kidnapping sentences at one hundred percent. He also acknowledged that when the trial court asked him if he was pleading guilty freely and voluntarily, he said, "Yes, sir." The petitioner's trial attorney testified that before the petitioner pled guilty, four co-defendants went to trial, were convicted, and received sentences of life plus fifty years. Counsel stated that he learned a lot from the co-defendants' trial, that he was convinced the petitioner was going to be convicted, and that he believed the petitioner would receive a sentence of life plus fifty or seventy-five years. On the day the petitioner was scheduled to go to trial, counsel approached the State and asked if the State would be interested in a plea, and the State made a plea offer. The petitioner seemed pleased with the State's offer, wanted to plead guilty, and had no misgivings about pleading guilty.

At the conclusion of proof, the post-conviction court stated that the guilty plea hearing transcript demonstrated that the petitioner knowingly and voluntarily pled guilty and concluded that the petitioner was "fully aware of the effect of [his] guilty plea." In a written order, the post-conviction court elaborated on its oral denial of post-conviction relief, noting that the petitioner answered yes to all of the trial court's questions during the guilty plea hearing and did not indicate during the hearing that he did not understand the charges or his sentences. The post-conviction court also noted that in prior trials, the petitioner's co-defendants had been convicted and received life sentences and that the petitioner's attorney was "aware of the [State's] case and how any further trials would likely result."

## II. Analysis

The petitioner claims that he did not knowingly, intelligently, and voluntarily enter his guilty pleas because the trial court failed to inquire during the guilty plea hearing about whether he understood the length of his sentences and his release eligibility. Moreover, he contends that the trial court failed to inquire "as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney general and the defendant or the defendant's attorney" as required by Tennessee Rule of Criminal Procedure 11(d). The State claims that the petitioner has failed to show that this court has jurisdiction over his appeal. The State also contends that the post-conviction court properly determined that the petitioner entered his guilty pleas knowingly, intelligently, and voluntarily. We conclude that the petitioner's appeal must be dismissed for lack of jurisdiction.

After the post-conviction court denied post-conviction relief, the petitioner filed a timely pro se notice of appeal. In his pro se appellate brief, the petitioner claimed that he received the ineffective assistance of counsel and complained that he was not being represented by counsel on appeal. Joseph Brown v. State, W2002-03014-CCA-R3-PC, 2004 Tenn. Crim. App. LEXIS 128, at **3-4 (Jackson, Feb. 11, 2004). This court held that the petitioner had a "statutory right to be represented by counsel in the first tier appeal of his post-conviction petition," vacated the post-conviction court's order denying the petition for post-conviction relief, ordered that counsel be appointed for the petitioner, and ordered that the post-conviction court "reenter its order denying post-conviction relief, with the time for the petitioner's appeal beginning to run from the time of the reentry of the order." Id. at **4-6. The post-conviction court appointed counsel to represent the petitioner, and the petitioner's new attorney filed a second notice of appeal. According to the notice of appeal, the trial court reentered it's order denying post-conviction relief on January 25, 2005. However, the petitioner failed to include the reentered order in the appellate record. The State claims that because the second order is not in the record on appeal, "[n]othing in the technical record indicates that the post-conviction court reentered its order denying post-conviction relief" and, therefore, "there is nothing in the record to appeal from." The State argues that this court should dismiss the appeal for lack of jurisdiction.

A defendant may appeal as of right from a final judgment in a post-conviction proceeding. Tenn. R. App. P. 3(b). It is the petitioner's duty to make sure that a complete and accurate record is before this court on appeal. See Thompson v. State, 958 S.W.2d 156, 164 (Tenn. Crim. App. 1997). In this case, the petitioner should have included the post-conviction court's reentered order denying post-conviction relief in the appellate record. See Tenn. R. App. P. 24(a). However, in the interests of justice and judicial economy, we sua sponte ordered the post-conviction court to supplement the record with its reentered order. See Tenn. R. App. P. 24(e). In a written response to our order, the Shelby County Criminal Court Clerk's Office reported that no reentered order had been found.[1] Without the reentered order, there is nothing in the record to show that the post-conviction court denied post-conviction relief and that this court has jurisdiction over the petitioner's appeal.

---

[1]The clerk's office also reported that the assistant attorney general and the petitioner's attorney had searched their files and had been unable to find the reentered order, indicating to us that the post-conviction court never reentered the order as this court directed. If that is the case, then upon the post-conviction court's reentering the order denying post-conviction relief, the petitioner can refile his notice of appeal with the time for the appeal beginning to run from the time of the reentry of the order.

### III.  Conclusion

Based upon the record and the parties' briefs, we dismiss the petitioner's appeal.

_____

NORMA McGEE OGLE, JUDGE